UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PANDORA MARKETING, LLC d/b/a TIMESHARE COMPLIANCE, a Wyoming limited liability company, et al.,<br><br>Defendants. | Case No. 2:21-cv-00017-KJD-EJY<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER** |

Before the Court is Plaintiff's Motion to Transfer the Plaintiff's Motion to Compel (ECF #3). There was no response to the motion.

I.  Factual and Procedural Background

Plaintiff Diamond Resorts U.S. Collection Development, LLC ("Diamond") filed its original complaint in this matter in the Southern District of Florida. (ECF #3, at 2). After Diamond filed an amended complaint, Defendants filed a motion to transfer venue to the Central District of California. Id. at 3. The action was transferred to the Central District of California where Diamond filed two more amended complaints. Id. During discovery, Diamond learned that non-party O'Grady Law Group ("O'Grady Law") previously represented certain Diamond Owners. Id. Due to this involvement, Diamond served a subpoena on O'Grady Law on August 31, 2020, seeking production of documents relevant to its claims and proportional to the needs of the case. Id. Instead of filing a motion to quash or motion for a protective order to avoid the subpoena, Defendant Resort Advisory Group ("RAG") told O'Grady Law that attorney-client privilege existed to prevent execution of the subpoena. Id. at 4. Because O'Grady Law is in Las Vegas, Diamond filed its motion to compel in this Court. (ECF #1). Due to the similarity of

discovery issues pending or soon to be presented to the magistrate judge in the action in the Central District of California, Diamond urges this Court to transfer the motion to compel to that court to avoid inconsistent rulings and promote judicial economy. Id. at 5.

## II. Legal Standard

Transfers of motions related to subpoenas are governed by Federal Rule of Civil Procedure 45(f). The rule states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer the motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). The decision to transfer the motion "is committed to the discretion of the court where compliance is required." Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014). When deciding whether to transfer a motion the "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve the subpoena-related motions." Moon Mountain Farms, LLC v. Rural Comty. Ins. Co., 301 F.R.D. 426, 428 (N.D. Cal. 2014) (quoting FED. R. CIV. P. 45 advisory committee's note).

## III. Analysis

The Court finds that transferring the motion is appropriate in this instance. O'Grady Law, who is the party subject to the subpoena has indicated that it is not opposed to the transfer. Additionally, Mr. O'Grady, the sole practitioner at O'Grady Law, is licensed in Nevada and under the Rule 45(f) advisory committee notes will be permitted to file papers and make an appearance in California. Any hearings or appearances are likely to be virtual due to the COVID-19 pandemic and Mr. O'Grady will not have to travel to participate in the Central District of California. That district has also ruled on similar discovery issues and a transfer will avoid the risk of conflicting rulings and encourage judicial economy. Because O'Grady does not oppose a transfer and will not be prejudiced or suffer any burden by a transfer, the Court finds that transferring the motion to the Central District of California is appropriate.

//

//

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Transfer (ECF #3) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court transfer this action to the Central District of California.

Dated this 7th day of April, 2021.

                                                  _____
                                                  Kent J. Dawson
                                                  United States District Judge